DYWINE A. DAWKINS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 601, 2009.
Supreme Court of Delaware.
Submitted: March 12, 2010.
Decided: April 28, 2010.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 28th day of April 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) On October 6, 2009, the defendant-appellant, Dywine A. Dawkins, was found to have committed a violation of probation ("VOP") in connection with his sentence for Assault in the Third Degree. He was sentenced to 9 months of incarceration at Level V, with no probation to follow. This is Dawkins' direct appeal from his VOP sentence.
(2) The record reflects that, in March 2009, Dawkins was indicted on a number of charges, including Assault in the Second Degree and Possession of a Deadly Weapon During the Commission of a Felony. In April 2009, Dawkins pleaded guilty to the lesser-included offense of Assault in the Third Degree in exchange for which the State dismissed the remaining charges. Dawkins was sentenced to 1 year of incarceration at Level V, to be suspended for 1 year at Level III probation. Dawkins was arrested and charged with a VOP on September 10, 2009. Following a hearing on October 6, 2009, Dawkins was found to have committed a VOP in connection with his sentence for third degree assault and was sentenced to 9 months at Level V, effective as of September 10, 2009.
(3) In this appeal, Dawkins claims that his VOP sentence was "harsh" and inappropriate. Dawkins also claims that he has not been given proper credit for Level V time served and that the VOP sentencing judge was unfair and biased. He requests the Court to shorten his jail time to 60 or 90 days.
(4) Once a defendant commits a VOP, the Superior Court has the authority to require him to serve the sentence originally imposed, or any lesser sentence.[1] A VOP sentence may not exceed the term left suspended by a prior sentence.[2] Delaware law also provides that an inmate must be given credit for all Level V time served in connection with a Level V sentence when calculating the amount of Level V time remaining on that sentence.[3]
(5) In this case, Dawkins' original sentence on his third degree assault conviction was 1 year at Level V, to be suspended for 1 year at Level III. The record reflects that, prior to being sentenced, Dawkins was held in default of bond from March 21, 2009 until May 22, 2009. As such, he was entitled to 2 months of Level V credit when he was later sentenced on the VOP. The record further reflects that, in its VOP sentencing order, the Superior Court sentenced Dawkins to 9 months at Level V, with an effective date of September 10, 2009. Because the Superior Court was authorized to impose a VOP sentence of as much as 10 months at Level V, effective as of September 10, 2009, it committed no error in sentencing Dawkins as it did.[4] We, therefore, conclude that Dawkins' first claim is without merit.
(6) As for Dawkins' second claim of bias on the part of the sentencing judge, it is the defendant's obligation, even if he is proceeding pro se, to attach to his brief those portions of the transcript as are necessary to give the Court a fair and accurate account of the context in which the alleged error occurred.[5] We are not able to review Dawkins' claim that the sentencing judge was unfair and biased because he has failed to provide the Court with a transcript of the VOP hearing. We, therefore, conclude that Dawkins' second claim also is unavailing.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] State v. Sloman, 886 A.2d 1257, 1260 (Del. 2005).
[2] Pavulak v. State, 880 A.2d 1044, 1045-46 (Del. 2005); Del. Code Ann. tit. 11, §4334(c).
[3] Gamble v. State, 728 A.2d 1171, 1172 (Del. 1999).
[4] To the extent that Dawkins seeks credit for time spent on probation, he is not entitled to any such credit. Id.
[5] Tricoche v. State, 525 A.2d 151, 154 (Del. 1987); Supr. Ct. R. 9(e)(ii) and 14(e).