IN THE SUPREME COURT OF THE STATE OF DELAWARE

OMAR L. ROBINSON, §
§
    Defendant Below- § No. 50, 2014
    Appellant, §
§
    v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for New Castle County
§ Cr. ID 1202022095
    Plaintiff Below- §
    Appellee. §

Submitted: September 2, 2014
Decided: October 13, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 13th day of October 2014, upon consideration of the appellant's opening brief and the State's motion to affirm, it appears to the Court that:

(1) The defendant-appellant, Omar Robinson, filed this appeal from the Superior Court's order sentencing him for his second violation of probation (VOP). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Robinson's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Robinson pled guilty in March 2012 to one count of Drug Dealing. The Superior Court immediately sentenced him to a total period of five years at Level V incarceration to be suspended immediately for

eighteen months at Level III probation. On December 26, 2012, the Superior Court found that Robinson had violated his probation and sentenced him again to five years at Level V incarceration to be suspended for eighteen months at Level III probation.

(3) On March 13, 2013, Robinson was charged with his second VOP, among other reasons, because he had been arrested on new criminal charges. The Superior Court continued the VOP hearing and thereafter held multiple re-entry conferences to see if Robinson would comply with the terms of his probation. On November 27, 2013, an administrative warrant was issued because of Robinson's continued disruptive and non-compliant behavior, which led to his second expulsion from his GED classes. On January 10, 2014, the Superior Court found Robinson guilty of his second VOP for committing a new criminal offense and for failing to comply with the conditions of his supervision. The Superior Court sentenced him to three years at Level V incarceration, to be suspended after serving thirty months for six months at Level IV Halfway House. Robinson appeals that judgment.

(4) In his opening brief on appeal, Robinson does not contest that he violated his probation. Nonetheless, he argues that his VOP sentence was excessive for a technical violation and that the sentencing judge had a closed mind. Robinson also asserts that due to his learning disabilities, he struggles in a

2

structured classroom setting and that the Superior Court had recommended that he undergo a mental health evaluation, which never occurred.

(5)     After careful consideration, we find no merit to Robinson's appeal.  In a VOP hearing, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[1]  A preponderance of evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[2]  The transcript of the VOP hearing in this case reflects that Robinson pled guilty to a new criminal charge and was expelled from his GED classes (for the second time) for disruptive behavior.  The evidence was sufficient to support the Superior Court's finding of a violation.[3]

(6)     Once the Superior Court found Robinson in violation of the terms of his probation, it was authorized to require Robinson to serve the entire length of his suspended prison term in jail.[4]  Thus, the Superior Court, as a matter of law, could have sentenced Robinson to serve in prison the entire five years remaining on his original sentence.  The Superior Court, however, only imposed a thirty-month

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[2] *Id*. (*quoting Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

[3] *Jenkins v. State*, 8 A.3d 1147, 1154 (Del. 2010).

[4] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

prison term for Robinson's second VOP.[5]  Under the circumstances, we find nothing in the record to support Robinson's suggestion that the Superior Court judge sentenced him with a closed mind.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[5] *See Jenkins v. State*, 8 A.3d at 1155.

4