IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH E. TAYLOR, | § | |
| | § | No. 345, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1303012813 |
| Plaintiff Below, | § | 1310008424 |
| Appellee. | § | |

Submitted: August 22, 2014
Decided: November 12, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

## O R D E R

This 12th day of November 2014, upon consideration of the appellant's opening brief and the motion to affirm filed by the appellee, it appears to the Court that:

(1) After his arrest in March 2013 on several drug charges, the appellant, Joseph E. Taylor, was indicted in Cr. ID No. 1303012813 with four offenses: Aggravated Drug Dealing, Aggravated Possession of Marijuana, and two counts of Possession of Drug Paraphernalia. The appellee, State of Delaware, moved to declare Taylor a habitual offender in that case.

(2) In October 2013, Taylor was arrested on new drug charges. In the information that followed in Cr. ID No. 1310008424, Taylor was charged with

three offenses:  Aggravated Drug Dealing, Aggravated Possession of Marijuana, and Possession of Drug Paraphernalia.

(3)    On November 6, 2013, under a consolidated plea agreement, Taylor pled guilty to two counts of Aggravated Drug Dealing, one count from Cr. ID No. 1303012813 and the other count from Cr. ID No. 1310008424.  Also, in Cr. ID No. 1303012813, Taylor agreed to be sentenced as a habitual offender under title 11, section 4214(a) of the Delaware Code (hereinafter "section 4214(a)").[1]

(4)    Taylor was immediately sentenced, on November 6, 2013, in accordance with the plea agreement.  For Aggravated Drug Dealing in Cr. ID No. 1303012813, Taylor was sentenced, under section 4214(a), to five years at Level V and to complete the Key or long term Greentree program.  For Aggravated Drug Dealing in Cr. ID No. 1310008424, he was sentenced to fifteen years at Level V suspended after completion of the aforementioned Key/Greentree program(s), followed by decreasing levels of supervision.  Also, the sentence included a provision that allowed Taylor to report to the Sussex Correctional Institution six days later, on November 12, 2013, to begin serving the sentence.

(5)    On November 26, 2013, the Superior Court issued a capias after Taylor failed to report to the Sussex Correctional Institution on November 12,

---

[1] *See* 11 Del. C. 4214(a) (providing for a sentence of up to life imprisonment for habitual offender).

2013 to begin serving the sentence. The capias was returned on June 6, 2014, and a violation of probation (VOP) hearing was scheduled.

(6)   At the VOP hearing on June 18, 2014, the Superior Court adjudged Taylor guilty of VOP and sentenced him as follows. For Aggravated Drug Dealing in Cr. ID No. 1303012813, Taylor was sentenced to five years at Level V under section 4214(a), and for Aggravated Drug Dealing in Cr. ID No. 1310008424, he was sentenced to fifteen years at Level V suspended after five years and successful completion of the Key program for one year at Level IV residential substance abuse treatment, followed by eighteen months at Level III aftercare. This appeal followed.

(7)   Most if not all of Taylor's claims on appeal appear to arise from his November 6, 2013 guilty plea and sentence. On appeal, Taylor asserts that his case should be dismissed based on "the Medical Examiner's Scandal,"[2] that "motions due to [his] mental health status were never filed," that he was "manipulated and lied to by the Governor's Task Force as to what would be done on [his] behalf," and that the offense he pled guilty to in Cr. ID No. 1310008424 was "a misdemeanor that was trumped up to a felony [for which he received] an outrageous amount of time."   To whatever extent Taylor's claims arise from his November 6, 2013 guilty plea and sentence, the claims are procedurally improper

---

[2] Taylor refers to an investigation initiated in 2014 into the Office of the Chief Medical Examiner Controlled Substances Unit.

in this appeal, which is limited to a review of Taylor's VOP conviction and sentence on June 18, 2014.

(8)  We review a revocation of probation for an abuse of discretion.[3] When reviewing a VOP sentence, our review is limited to whether a sentence has exceeded statutory limits.[4]

(9)  In Delaware, a VOP need only be proven by "some competent evidence" to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.[5]  In this case, Taylor does not assert – and the available record does not reflect – that he reported to the Sussex Correctional Institution on November 12, 2013 to begin serving the sentence imposed on November 6, 2013.[6] Under these circumstances, there is no error or abuse of discretion in the Superior Court's revocation of probation for Taylor's failure to report on November 12, 2013 as required by the November 6, 2013 sentence.

(10)  In Delaware, "once a defendant violates the terms of his probation, the Superior Court has the authority to require a defendant to serve the sentence

---

[3] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[5] *Brown v. State*, 2010 WL 4189224, *1 (Del. Oct. 25, 2010) (citing *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006))).

[6] Taylor did not order a transcript of the VOP hearing on June 18, 2014.

imposed, or any lesser sentence"[7] and may reimpose any portion of a previously suspended prison term.[8] In this case, Taylor failed to report to the Sussex Correctional Institution on November 12, 2013 to begin serving the sentence imposed on him on November 6, 2013. Taylor then spent more than six months on the street before he was arrested on the capias. Under these circumstances, we are not surprised that the Superior Court imposed additional time at Level V when sentencing Taylor on June 18, 2014 on the VOP. But more to the point, the VOP sentence was within the prescribed statutory limits.[9]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[7] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 Del. C. § 4334(c)).

[8] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999) (citing 11 Del. C. § 4334(c)).

[9] *See supra* note 1; 16 Del. C. § 4753 (codifying Aggravated Drug Dealing, a class C felony); 11 Del. C. § 4205(b)(3) (providing that a class C felony is punishable by up to fifteen years at Level V).

5