IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TITUS SHAW, | § | |
| | § | No. 484, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No.   0806012567 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  October 29, 2014
Decided:    December 19, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

**O R D E R**

This 19th day of December 2014, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1)    On January 5, 2009, the appellant, Titus Shaw, pled guilty to Robbery in the Second Degree and Possession of a Firearm During the Commission of a Felony.  The Superior Court sentenced Shaw to three years mandatory at Level V for the weapon offense and to five years at Level V for robbery.  The court suspended the robbery sentence for three years of Level III probation.

(2)    On September 24, 2014, Shaw was found guilty of his sixth violation of probation ("VOP") and was resentenced to three years and four months at Level V suspended for six months at the Level IV VOP Center. Shaw challenges the sentence on appeal, claiming that the Superior Court was not authorized to sentence him to *any* time at Level V because, by September 24, 2014, the date he was sentenced, he had completed all of the Level V time imposed in the original sentence in 2009.

(3)    This Court's appellate review of a sentence generally is limited to whether the sentence exceeds the statutory limits.[1]  "[O]nce a defendant violates the terms of his probation, the Superior Court has the authority to require a defendant to serve the sentence imposed, or any lesser sentence."[2] A VOP sentence must account for all time previously served at Level V or at a Level IV VOP Center.[3]  Also, a subsequent VOP sentence cannot exceed the term that a prior VOP sentence left suspended.[4]

(4)    We have reviewed the record and carefully considered the parties' submissions, including the five-page "Delaware Department of Correction Level V Served Report" attached to the motion to affirm filed by

---

[1] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).

[2] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 Del. C. § 4334(c)).

[3] 11 Del. C. § 3901(c); *Gamble v. State*, 728 A.2d 1171, 1171 (Del. 1999); *Green v. State*, 2010 WL 2278251, at *2 (Del. June 7, 2010).

[4] *Pavulak v. State*, 880 A.2d 1044, 1045-46 (Del. 2005).

the appellee, State of Delaware. It appears that, by September 16, 2014, the effective date of the September 24, 2014 sentence, Shaw had completed the original mandatory three-year Level V sentence for the weapon offense and had served just short of one year and six months of the original five-year Level V sentence for robbery. Consequently, when sentencing Shaw on September 24, 2014 for the sixth VOP, the Superior Court was authorized to impose three years and four months at Level V, the balance of the five-year robbery sentence. Three years and four months at Level V did not exceed the Level V term that was imposed and suspended on August 20, 2014 on Shaw's fifth VOP.[5]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[5] On the fifth VOP, Shaw was resentenced, for robbery, to three years and four months at Level V suspended for six months at Level IV work release.