Wayne T. GAMBLE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 407, 1998.

Supreme Court of Delaware.

Submitted: April 20, 1999.
Decided: May 12, 1999.

Wayne T. Gamble, Wilmington, Delaware,
defendant pro se.

William E. Molchen, Department of Justice, Wilmington, Delaware, for appellee.

HOLLAND, Justice:

This is an appeal by the defendant-appellant, Wayne Gamble ("Gamble"), after he was found guilty and sentenced for a probation violation. Gamble contends that he was not properly credited with time he had already served at Level V incarceration, when he was sentenced to serve additional time at Level V after violating his probation. The record supports Gamble's contention.

### Original Sentence

In October 1995, Gamble was arrested and indicted on two counts of Burglary in the Second Degree and Conspiracy in the Second Degree. In March 1996, Gamble pled guilty to two counts of Burglary in the Second Degree and the State *nolle prossed* the remaining charges. In May 1996, Gamble received the following sentences: Count 1: three years at Level V, suspended after two years for one year at Level IV; Count 2: three years at Level V, suspended for three years at Level III, suspended after 6 months for two and one half years at Level II.

Gamble served two years at Level V. After the two years, Gamble was to enter a Level IV work release program but, because space was not available, Gamble remained in Level V incarceration for an additional five months and 11 days. Gamble had been in a Level IV work release program for one month when he violated his probation.

### Probation Violation Sentence

In May 1998, the Superior Court sentenced Gamble for the violation of his probation as follows: one year at Level V; completion of the New Hope drug treatment program; and the remainder of the original sentence to be served at Level III. Gamble filed a *pro se* motion for a reduction or correction of his sentence, pursuant to Superior Court Criminal Rule 35(a). Gamble also filed a *pro se* motion requesting credit against the new one year Level V sentence for the five months and eleven days he served at Level V while waiting for space to

open at Level IV. The Superior Court denied Gamble's motions.[1]

## Parties' Contentions

In this appeal, Gamble does not challenge the sentences imposed in 1996. Rather, Gamble contends that he was not given proper credit for the five months and 11 days that he served at Level V incarceration while waiting for available space at Level IV work release. The State argues that the five months and 11 days Gamble served at Level V incarceration were properly credited toward the time Gamble was supposed to serve at Level IV work release. The State submits that this means Gamble will receive proper credit for the five months and eleven days he served at Level V by deducting it from the remainder of his Level III sentence *after* he serves the one year Level V sentence for violating his probation.

## Level V Service Requires Level V Credit

 When a defendant is found guilty of violating his or her probation, the trial judge is authorized to reimpose any previously suspended prison term, i.e., Level V incarceration. *Ingram v. State*, Del.Supr., 567 A.2d 868, 869 (1989). 11 *Del.C.* § 4334(c) states in part:

> If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

 Gamble's original sentence was a maximum of six years at Level V incarceration, suspended after two years for decreasing levels of supervision. Accordingly, after finding Gamble guilty of violating his proba-

tion, the Superior Court was authorized to require Gamble to serve the entire balance of his original six-year sentence at Level V incarceration. The Superior Court, however, in its discretion reimposed only a one year term at Level V, followed by supervision at Level III for the balance of the entire original term.

This Court has held that a defendant is not entitled to Level V incarceration credit for time served at Level IV work release.[2] When a defendant actually serves time at Level V incarceration, however, he or she is entitled to Level V credit. Consequently, this Court has consistently held that a defendant must be given Level V credit for all prior time actually served at Level V incarceration when further incarceration at Level V is imposed after a probation violation.[3]

 Gamble should have been given Level V credit for the five months and eleven days he served at Level V incarceration while waiting for available space at Level IV work release. Gamble's additional sentence of one year Level V incarceration for the probation violation has been or will be completed soon. In the event that Gamble receives a Level V incarceration sentence because of any probation violation in the future, Gamble should be given Level V credit for the five months and eleven days he has already served at Level V.

## Conclusion

The judgment of the Superior Court that denied Gamble Level V credit for the Level V time he actually served is reversed. This matter is remanded for further proceedings in accordance with this opinion.

---

1. The Superior Court modified his sentence, however, by ordering Gamble to participate in the Key Program instead of the New Hope Program.

2. *Johnson v. State*, Del.Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997) (ORDER).

3. *Collick v. State*, Del.Supr., No. 212, 1998, 1998 WL 700170, Holland, J. (Aug. 10, 1998) slip op.

at 3 ("Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a three year Level V prison term, giving credit for all time previously spent at Level V ...") (emphasis added). *See also Warren v. State*, Del.Supr., No. 99, 1998, 1998 WL 382640, Veasey, C.J. (June 12, 1998) (ORDER); *Johnson v. State*, Del.Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997) (ORDER). *Accord* 11 *Del.C.* § 3901(c).