BOOKER T. MARTIN, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 269, 2009.
Supreme Court of Delaware.
Submitted: August 14, 2009.
Decided: November 2, 2009.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices

ORDER
RANDY J. HOLLAND, Justice
This 2nd day of November 2009, upon consideration of the briefs of the parties[1] and the Superior Court record, it appears to the Court that:
(1) On December 8, 2008, the appellant, Booker T. Martin, filed a motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a) ("Rule 35(a)"). Martin alleged that he was "over sentenced" in 1996 when the Superior Court sentenced him, on a violation of probation, to four years and six months at Level V, suspended after three years for decreasing levels of supervision. According to Martin, only four years remained on the original sentence, not four years and six months. By order dated April 30, 2009, the Superior Court denied Martin's motion. This appeal followed.
(2) It appears from the record that Martin pled guilty in 1988 to one count of Attempted Burglary in the Second Degree and was sentenced to five years at Level V suspended for five years of probation. Martin violated the terms of his probation in 1990, 1994 and 1996.
(3) In 1994, the Superior Court revoked Martin's probation and sentenced him to five years at Level V, suspended after ninety days for four years and nine months at Level IV, suspended after six months for decreasing levels of supervision. In 1996, the Superior Court revoked Martin's probation and sentenced him to four years and six months at Level V, suspended after three years for one year and six months at Level IV, suspended after six months for one year at Level III.
(4) After careful consideration of the Superior Court record and the parties' positions on appeal, we have concluded that the denial of Martin's motion for correction of an illegal sentence should be affirmed. On a violation of probation, the Superior Court has the authority to require a defendant to serve the sentence originally imposed[2] minus any credit that the defendant actually served at Level V incarceration on the same conviction.[3] In this case, Martin has not demonstrated that, as of his 1996 sentencing, he had served one year of the original five-year sentence at Level V. A defendant is not entitled to Level V credit for time served at Level IV, as Martin appears to argue.[4]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] The appellant's documents entitled "Motion for Judgment on the Record for Relief from Illegal Sentence and Remand to Court Below" filed on May 4, 2009 and "Motion to Compel Ruling on Appellant's Motion for Judgment on the Record from Relief from Illegal Sentence and Remand to Court Below" filed on June 25, 2009 were deemed to be his opening brief.
[2] State v. Sloman, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 Del. C. § 4334(c)).
[3] Gamble v. State, 728 A.2d 1171, 1172 (Del. 1999).
[4] Id.