Frederick S. DeJOHN, Defendant Below–Appellant,

v.

STATE of Delaware, Plaintiff Below–Appellee.

Nos. 685/712, 2011.

Supreme Court of Delaware.

Submitted: Dec. 19, 2012.

Decided: Jan. 18, 2013.

Santino Ceccotti, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

John Williams, Esquire, Department of Justice, Dover, Delaware, for appellee.

HOLLAND, Justice:

The defendant-appellant, Frederick S. DeJohn, II ("DeJohn"), appeals from a Superior Court violation of probation ("VOP") sentencing order. On appeal, DeJohn claims that the Superior Court judge sentenced him with a closed mind and that the sentencing order contains a calculation error. We have concluded that the sentencing order does contain a calculation error. We have decided that when this matter is remanded for a recalculation of DeJohn's sentence, he should be resentenced entirely by another judge. Therefore, we need not decide whether the Superior Court judge's comments evidenced a closed mind.

### Facts and Procedural Background

In June 2002, DeJohn pled guilty to two counts of Dealing in Child Pornography. As part of his sentence, he was required to register as a Tier III sex offender and was prohibited from having any contact with a minor under the age of eighteen other than his own biological children. In April 2010, DeJohn was resentenced for committing a VOP by watching pornography on his cell phone and having contact with a ten-year-old girl.

In November 2011, following an unannounced home visit by his probation officer, DeJohn was immediately served with an administrative warrant charging him with violating his probation by having an unrelated minor child in his residence.[1] In December 2011, at DeJohn's VOP hearing, at which he was represented by counsel, his probation officer testified that when she conducted her visit of DeJohn's residence, she found DeJohn's fiancée hiding in the bathroom with an infant who was unrelated to DeJohn.

DeJohn testified that the minor child belonged to a woman who was supposed to babysit his two biological children while his fiancée went out looking for jobs. After the probation officer noted that the home visit took place at night, DeJohn changed his story and stated that the woman and her minor child were supposed to spend the night at his residence. He added that the woman and DeJohn's fiancée then intended to go out together to look for jobs the next day.

The Superior Court judge who presided over DeJohn's 2002 guilty plea hearing and his first 2010 VOP hearing also presided over DeJohn's second 2011 VOP hearing, at which, after finding that DeJohn had committed a VOP, the judge imposed a new sentence on DeJohn that fell within the statutory limits.[2] Because the length of DeJohn's original sentence and his two resentences are at issue, the chart below lays out how DeJohn's sentences were amended after his original 2002 guilty plea.

| | 2002 Original Sentence (9/18/02) | 2010 First VOP Conviction (4/30/10) | 2011 Second VOP Conviction (12/2/11) |
| --- | --- | --- | --- |
| **Count I** (Cr.A.# :–0133) | *8 years* Level V–3 years | *5 years* Level V–23 days | *4 years, 6 months* Level V–4 years, 6 months |
| | Level IV–1 year | Level IV6 months | |

1. The warrant also noted that DeJohn had a New Jersey conviction for sexually assaulting his step-daughter.

2. Del.Code Ann. tit. 11, § 4334(c).

| | | | |
|---|---|---|---|
| | Level III–4 years | Level III–4 years, 6 months | |
| **Count II** (Cr.A.# :–0134) | *7 years* Level V–3 years Level III–4 years | *5 years* Level III–4 years, 6 months | *5 years* Level V–3 years Level III–2 years |
| **Total** | *15 years* | *5 years* | *9 years, 6 months* |
| Sentence | (consecutive sentences) | (concurrent sentences) | (consecutive sentences) |

In resentencing DeJohn at his second VOP hearing, the judge made various remarks. Before any opening statements had been made or any evidence had been presented, the judge stated that he remembered DeJohn from his original 2002 criminal proceeding. The judge further commented that he remembered one of the photos on DeJohn's computer that was proffered at that proceeding, and that after being sentenced, DeJohn had "plaintively cried that he didn't think he was going to survive prison. And I, rather unsympathetically, indicated that that was not my concern, problem, nor did I care."

After the probation officer testified, the judge later added, "The reason I remember him is . . . the graphic nature of the picture. . . . [I]t was of a nature I've never seen before. . . . I will never forget that. It doesn't help [that] you [DeJohn] ran into a judge with four daughters either."

The judge also gave a graphic description of the photograph itself. After DeJohn testified, the judge addressed defense counsel, inquiring, "Did you ever notice that . . . [an] individual whose credibility is suspect will either say . . . 'as God is my witness' or 'it's the God's honest truth'?" Then after further testimony from both the probation officer and from DeJohn (who tried to explain the inconsistencies in his earlier testimony) the judge directly addressed DeJohn and said: "You know what, you are a sick person. I only know one cure for your kind of ill-

ness. . . . [U]nfortunately, the Eighth Amendment prohibits that."

Before imposing the sentence, the judge further remarked to DeJohn, "[P]lease don't bow your head. . . . [W]here you're ultimately going, the only thing I can recommend for you is asbestos underwear because it's going to be very hot. . . ." After he resentenced DeJohn, the judge concluded: "The only thing I regret . . . is that when you do get out, I will not be on the bench. . . . But I assume my successor will have a similar feeling of revulsion for you and people like you." DeJohn's attorney did not object to the judge's remarks or request that the judge recuse himself.

### Issues on Appeal

On appeal, DeJohn admits the underlying VOP and only challenges his sentence. DeJohn initially raised four claims in his (initial) *pro se* opening brief. He argued that: (i) the trial judge was biased against him and sentenced him with a closed mind; (ii) his 2011 sentence is illegal, because: (a) it exceeds his original 2002 sentence; (b) it did not credit him for time that he already served at Level III probation; and (c) it resulted from a conflict of interest between his probation officer and a State official.

After this Court appointed counsel for DeJohn, counsel submitted a (second) opening brief advancing the claim that the trial judge was biased against DeJohn. Counsel did not argue in that (second) opening brief that DeJohn's 2011 sentence exceeded his original 2002 sentence. That

claim was raised only in DeJohn's (second) reply brief. Although that claim would normally be waived,[3] we acknowledged that DeJohn raised that claim before us in our earlier Order appointing him counsel. We may therefore consider DeJohn's claim that his 2011 sentence exceeded his original 2002 sentence.

 To the extent that DeJohn's remaining two claims are no longer asserted in his (second) opening brief, those claims are waived[4] and, in any event, are meritless. Specifically, DeJohn cannot receive Level V credit for time that he served at Level III probation.[5] DeJohn's conflict of interest claim is also meritless, because although his probation officer and a former Deputy Attorney General shared the identical last name, that is a coincidence insufficient to establish that a conflict of interest existed in this case. We thus consider only two issues: (i) whether DeJohn's 2011 sentence was properly calculated, and (ii) whether the trial judge violated DeJohn's due process rights by sentencing him with a closed mind.

### Sentencing Error

DeJohn argues, and the State concedes, that a portion of his 2011 sentence relating to Count II exceeds the length of his original sentence on that same Count. As the State clearly explains:

> The maximum sentence for [Count II], if DeJohn has already served 3 years of the original 7 year Level V sentence, should be 4 years Level V, suspended after 3 years for 1 year, *not 2 years,*

Level III probation.... There is merit as to DeJohn's claim about the length of his Level III probation for his VOP 2011 sentence in [Count II].

We agree that the record reflects the length of DeJohn's Count II, Level III probation in his 2011 VOP sentencing order is incorrect. There is no error in the calculation of DeJohn's sentence on Count I. Therefore, we must reverse DeJohn's sentences and remand this matter to the Superior Court to recalculate the length of DeJohn's Level III probation on Count II of his 2011 sentence.

### Due Process Claim

 "A judge is permitted to have 'some preconceived notion about the proper sentence to be imposed,' but cannot 'have closed his mind upon the subject' before the proceeding."[6] "A judge exhibits a "closed mind" where 'the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant.' "[7]

The judge properly considered the fact that DeJohn had committed a second VOP less than two years after his first VOP, the severity of DeJohn's original 2002 offenses, and DeJohn's inconsistent testimony at the VOP hearing. The record reflects, however, that some of the judge's comments during the VOP hearing and sentencing were not simply colorful, but were inappropriate. Nevertheless, we need not address whether those comments were indicative of a closed mind. In the interests of justice,

---

3. *See* Del.Supr. Ct. R. 8.

4. *Id.*

5. *See Gamble v. State,* 728 A.2d 1171, 1172 (Del.1999) (stating that a defendant is not entitled to Level V credit for time served at Level IV); *cf. Anderson v. State,* 913 A.2d 569, 2006 WL 3931460, at *1 (Del. Dec. 5, 2006) (holding Level V credit may be awarded

for time served at a Level IV VOP Center, where that Center was as restrictive as Level V incarceration).

6. *Jenkins v. State,* 8 A.3d 1147, 1155 (Del. 2010) (internal citation omitted).

7. *Id.*

we have decided that, when this matter is remanded for a recalculation of DeJohn's sentence under Count II, DeJohn should be resentenced entirely by another judge.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for a complete resentencing in accordance with this opinion.

