IN THE SUPREME COURT OF THE STATE OF DELAWARE

RYAN F. COUNTS, § 
§ 
    Defendant-Below, § No. 39, 2014 
    Appellant, § 
§ 
    v. § Court Below: Superior Court 
§ of the State of Delaware, 
STATE OF DELAWARE, § in and for New Castle County 
§ Cr. ID No. 0904025853 
    Plaintiff-Below, § 
    Appellee. § 

Submitted: June 27, 2014
Decided: July 15, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

## **O R D E R**

This 15th day of July 2014, upon consideration of the briefs of the parties and the record below, it appears to the Court that:

(1) The defendant-appellant, Ryan F. Counts, filed this appeal from the Superior Court's sentence for his fifth violation of probation ("VOP"). We find no merit to the appeal. Accordingly, we affirm.

(2) The record reflects that Counts was indicted on two counts of second degree rape in May 2009. On October 26, 2009, Counts pled guilty to one count of fourth degree rape. That same day the Superior Court sentenced Counts to eight years of Level V incarceration, suspended after one year for one year of Level III probation. Counts did not appeal the October 26, 2009 order.

(3)     On December 15, 2010, the Superior Court found Counts had committed his first VOP.  Effective September 29, 2010, Counts was sentenced to eight years of Level V incarceration, with credit for one year previously served, suspended for nine months of Level IV work release or home confinement, followed by eighteen months of Level III probation.  Counts did not appeal the December 15, 2010 order.

(4)     On January 26, 2011, the Superior Court found Counts had committed his second VOP.  Effective January 12, 2011, Counts was sentenced to eight years of Level V incarceration, with credit for one year previously served, suspended after eighteen months for six months of Level IV work release, followed by six months of Level III probation.  Counts did not appeal the February 10, 2011 order, but moved for modification of his sentence in the form of an eight year Level V sentence, suspended after twenty-one months of Level V incarceration with no probation.  The Superior Court denied this motion on March 25, 2011.

(5)     On November 30, 2011, the Superior Court modified the January 26, 2011 order.  Effective November 30, 2011, Counts was sentenced to three years of Level V incarceration, suspended for ten months and fifteen days of Level III probation.  The November 30, 2011 order explicitly provided "[a]ll credit time

accounted for up to and including today."[1] Counts did not appeal the November 30, 2011 order.

(6) On June 13, 2012, the Superior Court found Counts had committed his third VOP. Effective May 11, 2012, Counts was sentenced to seven years of Level V incarceration, suspended upon successful completion of the KEY program for decreasing levels of probation. Counts did not appeal the June 13, 2012 order. On August 13, 2012, Counts pled guilty to failing to re-register as a sex offender in Case ID No. 1202013053 ("Registration Case") and was sentenced to two years of Level V incarceration, suspended for one year of Level II probation.

(7) On August 14, 2012, Counts filed a motion to modify his June 13, 2012 sentence, primarily on the basis that the Superior Court could not impose more than three years of Level V time due to the November 30, 2011 order. On August 27, 2012, the Superior Court modified the June 13, 2012 order to sentence Counts, effective May 11, 2012, to three years of Level V incarceration, suspended after eighteen months for a year of Level II probation. On April 19, 2013, Counts filed a motion to receive credit for fourteen days he was incarcerated in January 2012. The Superior Court denied the motion on April 24, 2013, noting that the prior order was made effective May 11, 2012 to account for prior Level V time served. Counts sought reconsideration, claiming to have been incarcerated on May

---

[1] Appendix to State's Answering Brief at B18.

3

11, 2012 and not to have received credit for the January 2012 time. The Superior Court denied the request for reconsideration on June 17, 2013.

(8) On October 2, 2013, the Superior Court found Counts had committed his fourth VOP. Effective that same day, Counts was sentenced to three years of Level V incarceration, suspended after sixteen days for eighteen months of Level III probation. The Superior Court also found Counts had committed a VOP in the Registration Case and sentenced Counts to two years of Level V incarceration, suspended for one year of Level II probation. Counts did not appeal the October 2, 2013 order.

(9) On January 8, 2014, the Superior Court found Counts had committed his fifth VOP. Effective December 19, 2013, Counts was sentenced to three years of Level V incarceration, with credit for eighteen months and sixteen days previously served. In the Registration Case, Counts was also found to have committed a VOP and sentenced to two years of Level V incarceration, suspended for one year of Level III probation. On January 13, 2014, Counts requested modification of his fifth VOP sentence to include credit for multiple periods of incarceration (supposedly totaling thirty-two months and sixteen days) since October 26, 2009.

(10) On January 30, 2014, Counts filed a notice of appeal from the Superior Court's January 8, 2014 order. In his appeal, Counts claims: (i) the

4

sentence imposed for his fifth VOP (three years, with credit for eighteen months and sixteen days previously served) was illegal because he did not receive credit for all prior time served; and (ii) the trial judge displayed a closed mind and was biased. We find no merit to these arguments.

(11) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] In sentencing a defendant for a VOP, the trial court can impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence or any lesser sentence.[3] A defendant is entitled to Level V credit for time previously served on an underlying charge at Level V or a Level IV VOP Center.[4]

(12) Counts claims he did not receive credit for eighty-one days of incarceration between September 29, 2010 and December 17, 2010. That claim is not supported by the terms of the Superior Court's November 11, 2011 order. In that order, the Superior Court reduced Counts' prior sentence of eight years of Level V time to three years of Level V time. That reduction more than accounted

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[4] *Anderson v. State*, 2006 WL 3931460, at *1 (Del. Dec.5, 2006); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

5

for all of the time previously served by Counts. He is not entitled to receive double credit for time served before the November 11, 2011 order.

(13) As far as the time Counts was incarcerated between the November 11, 2011 order and the January 8, 2014 hearing, he does not claim or cite to anything in the record showing that he served more than the eighteen months and sixteen days he received credit for in the January 8, 2014 order.[5] Although he refers to fourteen days of uncredited time in January 2012 and fifteen days of uncredited time in September 2013, he fails to show that the Superior Court did not account for that time when it gave him credit for eighteen months and sixteen days previously served in the January 8, 2014 order. Thus, Counts has not shown the January 8, 2014 sentence was illegal for a lack of credited time.

(14) Counts' claim that the Superior Court displayed a closed mind and was biased appears to be based on his belief that he did not receive sufficient credit. As discussed above, Counts has received sufficient credit. Counts does not offer any other reason to suggest the trial judge displayed a closed mind or was biased. Moreover, his unsupported argument is belied by the occasions on which the trial judge has exercised its discretion in favor of Counts. Counts also failed to provide a copy of the transcript of the January 8, 2014 VOP hearing. The failure to

---

[5] To the extent the January 13, 2014 request for modification suggested Counts was incarcerated for eighteen months on the Level V sentence effective May 11, 2012, the record reflects that he was released from incarceration on August 1, 2013.

include an adequate transcript of the proceedings, as required by the rules of the Court, precludes appellate review of a defendant's claims of error in the proceeding below.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[6] *Turner v. State*, 2014 WL 2522308, at \*1 (Del. May 30, 2014); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).