IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRANDON RITTENHOUSE, | § | |
| | § | |
| Defendant Below, | § | No. 494, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 1305010585 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 10, 2014
Decided: November 3, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 3rd day of November 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Brandon Rittenhouse, filed this appeal from the Superior Court's August 19, 2014 order sentencing him for his first violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Rittenhouse's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that, on August 26, 2013, Rittenhouse pled guilty to two counts of Burglary in the Third Degree and one count of Theft. Rittenhouse was sentenced as follows: (i) for one count of Burglary in the Third Degree, three years of Level V incarceration with credit for 104 days previously served, suspended for one year of Level III probation, followed by one month of Level I probation; (ii) for Theft, two years of Level V incarceration, suspended for one year of Level III probation, followed by one year of Level I probation; and (iii) for the other count of Burglary in the Third Degree, three years of Level V incarceration, suspended for one year of Level III probation, followed by one year of Level I probation. Rittenhouse was also ordered to pay restitution.[2] Rittenhouse did not appeal.

(3)     On May 15, 2014, a capias was issued for Rittenhouse's first VOP. After a VOP hearing on July 25, 2014, the Superior Court found that Rittenhouse had violated his probation. The Superior Court ordered the Treatment Access Center to evaluate Rittenhouse for treatment needs and scheduled a sentencing hearing for August 19, 2014. On August 19, 2014, the Superior Court sentenced Rittenhouse for his VOP as follows: (i) for one count of Burglary in the Third Degree, two years of Level V incarceration, upon acceptance into the Level III

---

[2] The sentencing order was modified on January 13, 2014 to provide that the amount of restitution was $4,436.03.

2

Gateway program, the balance was suspended for one year of Level III probation during which Rittenhouse had to complete the Gateway program successfully; (ii) for Theft, two years of Level V incarceration, suspended for one year of Level III probation; and (iii) for the other count of Burglary in the Third Degree, three years of Level V incarceration, suspended for one year of Level III probation. This appeal followed.

(4) On appeal, Rittenhouse asks for reconsideration of the sentence imposed on August 19, 2014 because: (i) this was his first VOP, he has served more than five months of Level V time at Wicomico County Detention Center and Sussex Correctional Institution, and he will serve another three to four months of Level V time before there is space in the Level III Gateway program; (ii) he successfully completed a rehabilitation program at Hudson Health Center and he is awaiting physical therapy for a foot injury; and (iii) the Superior Court judge who imposed the August 19, 2014 sentence was not the same judge who imposed the original sentence and found that Rittenhouse committed a VOP. Rittenhouse does not challenge the Superior Court's finding that he committed a VOP.

(5) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[3] The Superior Court could impose any period of

_____

[3] *Kurzmann v. State*, 903 A.2d 706, 714 (Del. 2006).

incarceration up to and including the balance of the Level V time remaining on Rittenhouse's sentence.[4] Rittenhouse was originally sentenced to a total of eight years of Level V incarceration, with credit for 104 days previously served, suspended for Level III probation. On August 19, 2014, Rittenhouse was sentenced to a total of seven years of Level V incarceration, suspended upon acceptance into the Level III Gateway program.

(6) The August 19, 2014 sentence did not exceed the amount of Level V time previously imposed and was within statutory limits. The fact that Rittenhouse will serve Level V time before there is space in the Level III Gateway program does not make his sentence illegal. Nor does the fact that this was his first VOP.

(7) If the sentence is within statutory limits, the sentence will not be disturbed on appeal unless the defendant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind.[5] Rittenhouse failed to provide a transcript of the sentencing hearing. In the absence of a transcript, we cannot evaluate a claim that the sentencing judge relied on impermissible factors or exhibited a closed mind.[6] Rittenhouse's statements that he completed a

---

[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[6] *Nelson v. State*, 2014 WL 1365822, at *1 (Del. Apr. 4, 2014); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

rehabilitation program and is awaiting physical therapy do not establish that the sentencing judge relied on impermissible factors or exhibited a closed mind.

(8) To the extent Rittenhouse is trying to argue that he was entitled to additional credit for Level V time he served at the Wicomico County Detention Center and Sussex Correctional Institution, this argument is without merit. A defendant is entitled to Level V credit for all prior time actually served at Level V when further Level V incarceration is imposed after a VOP.[7] The August 19, 2014 sentencing order reduced Rittenhouse's total amount of Level V time from eight years to seven years and expressly stated that "[t]he level 5 time imposed in today's sentence takes into consideration all time previously served."[8] This one-year reduction of Level V time more than accounts for the Level V time Rittenhouse claims to have served prior to the August 19, 2014 sentencing hearing.[9]

(9) Finally, Rittenhouse complains that the Superior Court judge who sentenced him for his VOP was not the same judge who originally sentenced him

---

[7] 11 *Del. C.* § 3901(c); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

[8] Motion to Affirm, Exhibit D.

[9] According to Rittenhouse, this time includes 59 days at the Wicomico County Detention Center in Maryland. He provides few details concerning this incarceration, so it is questionable whether he would even be entitled to credit for this time against his Delaware sentence. *Allen v. Morgan*, 2011 WL 2506956, at *1 (Del. June 22, 2011) (holding defendant was not entitled to credit for Level V time served on unrelated out of state sentence).

and found that he had committed a VOP. Rittenhouse was not entitled to a hearing before a specific judge.[10] Accordingly, this claim is without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[10] *Piper v. State*, 2010 WL 2574173, at *1 (Del. June 28, 2010); *Mayfield v. State*, 2003 WL 1711946, at *2 (Del. Mar. 28, 2003).