IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANGELO WRIGHT, | § | |
| | § | No. 605, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0906001887 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 6, 2014
Decided: January 20, 2015

Before, **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 20th day of January 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) On December 7, 2009, the appellant, Angelo Wright, pled guilty to robbery in the first degree and conspiracy in the second degree. Robbery in the first degree is designated as a violent felony under title 11, section 4201(c) of the Delaware Code.[1] On March 5, 2010, the Superior Court sentenced Wright, as follows: (i) for robbery – five years at Level V

---

[1] *See* 11 *Del. C.* § 4201(c) (Supp. 2014) (listing felonies designated as violent felonies).

suspended after three years, minimum mandatory for two years at Level IV home confinement, suspended after six months for eighteen months at Level III; (ii) for conspiracy – one year at Level V suspended for one year at Level III.

(2) On March 15, 2012, the Superior Court modified the 2010 sentence as follows: for robbery – eighteen months at Level V suspended for one year at Level III. The court did not modify the sentence imposed for conspiracy, which remained as imposed on March 5, 2010.

(3) In May 2012, Wright was charged with his first violation of probation ("VOP"). The Superior Court found Wright guilty and resentenced him, effective June 21, 2012, as follows: (i) for robbery – eighteen months at Level V suspended immediately for one year at Level IV work release, suspended after six months for six months at Level III; (ii) for conspiracy – ninety days at Level V with credit for twenty-four days previously served and no probation to follow.

(4) Wright was charged with his second VOP in April 2013. On August 7, 2014, the Superior Court found Wright guilty and resentenced him, effective July 5, 2014, as follows: for robbery – one year at Level V suspended after six months for one year at Level IV home confinement, suspended after three months for six months at Level III.

(5)     On September 22, 2014, Wright filed a motion for correction of sentence. Wright claimed that the suspended portion of the August 7, 2014 sentence was illegal because it exceeded the remainder of his Level V sentence. By order dated September 29, 2014, the Superior Court denied the motion for correction of sentence.

(6)     Wright appealed the Superior Court's denial of his motion for correction of sentence. On appeal, Wright again claims that the suspended portion of the August 7, 2014 sentence was imposed illegally because it exceeded the remainder of his Level V sentence. Wright also claims that the August 7, 2014 sentence exposed him to "additional incarceration."

(7)     Contrary to Wright's claim on appeal, the August 7, 2014 sentence did not expose him to "additional incarceration." The August 7, 2014 sentence imposed one year at Level V incarceration suspended after six months for decreasing levels of supervision, which is not greater than the 2012 suspended sentence imposed by the court. In the future, if Wright is convicted of a third VOP, the maximum amount of Level V the Superior Court can impose is six months, the amount of Level V suspended by the

August 7, 2014 sentence.[2]  Wright's claim that a suspended sentence cannot exceed the remainder of a Level V sentence is without merit.[3]

NOW, THEREFORE IT IS HEREBY ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *See* 11 *Del. C*. § 4334(c) (providing that if a VOP is established, "the court may require the probation violator to serve the sentence imposed"); *see also Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999) (finding that a judge is authorized to re-impose any previously suspended prison term when imposing sentence for a VOP). *Cf. Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005) (reversing and remanding for resentencing when the court, on a second VOP, imposed a Level V sentence in excess of the Level V time, which the court had reduced when sentencing the defendant on the first VOP).

[3] *See, e.g.,* 11 *Del. C.* § 4333(f) (providing that the court may impose a suspended sentence up to "the maximum term of commitment provided by law for the offense or 1 year, whichever is greater"); 11 *Del. C.* § 4204(l) (requiring the court to impose a transitional period of at least six months at Level IV, III or II, which "may exceed the maximum allowable period of Level V incarceration").