# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON WATTS, | § | |
| | § | No. 86, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1410017085 |
| | § | 1407011220 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 7, 2015
Decided: June 17, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 17th day of June 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Jason Watts, filed this appeal from his sentencing in the Superior Court on February 12, 2015 on a violation of probation (VOP). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Watts' opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on November 14, 2014, Watts pled guilty to Terroristic Threatening, Resisting Arrest, Offensive Touching of a Law Enforcement Officer, and Unlawful Imprisonment in the Second Degree. Watts was sentenced as follows: (i) for Terroristic Threatening – two years of Level V incarceration suspended for one year of Level III probation; (ii) for Resisting Arrest – one year of Level V incarceration suspended for one year of Level III probation; (iii) for Offensive Touching – one year of Level V incarceration suspended for one year of Level III probation; and (iv) for Unlawful Imprisonment in the Second Degree – one year of Level V incarceration suspended for one year of Level III probation. Watts did not appeal.

(3) On January 28, 2015, Watts was charged by administrative warrant with having violated the terms of his probation. At a hearing on February 12, 2015, the Superior Court found Watts in violation of probation and sentenced him as follows: (i) for Terroristic Threatening – two years of Level V incarceration suspended for one year of Level IV Residential Substance Abuse Treatment suspended upon successful completion for one year of Level III Aftercare; (ii) for Resisting Arrest – one year of Level V incarceration suspended for one year of Level III Aftercare; (iii) for Offensive Touching – one year of Level V incarceration suspended for one year of Level III Aftercare; (iv) for Unlawful

Imprisonment – one year of Level V incarceration suspended for one year of Level III Aftercare. Watts filed this appeal.

(4) On appeal, Watts appears to ask this Court to modify the VOP sentence imposed on February 12, 2015. His request is unavailing. Watts cannot seek modification of the sentence for the first time on appeal to this Court.[1]

(5) This Court's appellate review of a sentence generally ends upon a determination that the sentence is within statutory limits.[2] The Court will also consider a claim that a sentence "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3]

(6) In this case, to the extent Watts is claiming on appeal that the trial judge sentenced him based on a false, impermissible or unreliable factual predicate, or due to judicial vindictiveness, bias or a closed mind, the Court does not have an adequate basis to review such a claim. Watts did not request preparation of the VOP hearing transcript. Without the transcript, the Court cannot

---

[1] *See* Del. Supr. Ct. R. 8 ("Only questions fairly presented to the trial court may be presented for review."). *See generally* Del. Super. Ct. Crim. R. 35(b) (governing motions for modification of sentence).

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citations omitted).

[3] *Id.*

3

review a claim that the judge imposed a sentence based on a false, impermissible or unreliable factual predicate, or due to vindictiveness, bias or a closed mind.[4]

(7) Under 11 *Del. C.* § 4334(c), if a violation of probation is established, "the [Superior Court] may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." In other words, when sentencing a defendant for a VOP, the Superior Court is authorized to reimpose any previously suspended prison term.[5] In Watts' case, it is clear from the available record that the VOP sentence imposed on February 12, 2015 did not exceed the balance of the Level V time that was originally imposed on November 14, 2014.

NOW, THEREFORE IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_Randy J Holland_
Justice

---

[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (finding that appellant had the burden of producing "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" (quoting Del. Supr. Ct. R. 9(e)(ii) and 14(e)).

[5] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999). *See also State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 *Del. C.* § 4334(c)).