IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL K. STULIR, | § | |
| | § | No. 375, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1311012671 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 11, 2016[1]
Decided: November 1, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**ORDER**

This 1st day of November 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Michael K. Stulir, filed this appeal from his sentencing on July 15, 2016, on a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on

---

[1] The case was submitted when the record was filed on August 11, 2016.

the face of Stulir's opening brief that the appeal is without merit. We agree and affirm.

(2)    Stulir was originally sentenced, on May 14, 2014, to three years at Level V suspended for probation. He has violated probation four times. This appeal is from his third VOP.

(3)    For the first VOP, Stulir was sentenced, on November 19, 2014, to two years at Level V suspended after thirty days for one year of probation. For the second VOP, Stulir was sentenced, on July 24, 2015, to one year at Level V suspended for one year at Level IV Crest suspended upon successful completion for one year of Level III Crest Aftercare. Stulir did not appeal his first or second VOP.

(4)    For the third VOP, Stulir was sentenced, on July 15, 2016, to eleven months at Level V suspended for one year at Level IV Crest suspended upon successful completion for one year of Level III Outpatient Treatment Program. This appeal followed. On appeal, Stulir claims that his third VOP conviction was based on insufficient evidence, and he asks this Court to consider resentencing him on the conviction to something other than Level IV Crest.[2]

(5)    Unless a defendant can establish that the Superior Court relied on impermissible factors or exhibited a closed mind when imposing sentence, this

---

[2] It appears that Stulir's request to avoid Level IV Crest was realized when he was sentenced on August 5, 2016 on his fourth VOP to a mandatory six months at Level V with no probation to follow.

2

Court's appellate review of a sentence generally ends upon a determination that the sentence is within statutory limits.[3] Under 11 *Del. C.* § 4334(c), when sentencing a defendant for a VOP, the Superior Court is authorized to reimpose any previously suspended prison term.[4] In this case, Stulir has not alleged, and the available record does not reflect, that the sentence imposed on July 15, 2016 exceeded the balance remaining on his previously suspended Level V term.

(6) Stulir has not provided, and the record does not otherwise include, a transcript of his July 15, 2016 VOP hearing.[5] Without the transcript, the Court is unable to review Stulir's claim of insufficient evidence or any contention that the Superior Court relied on impermissible factors or exhibited a closed mind when imposing sentence.[6]

NOW, THEREFORE, IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citations omitted).

[4] 11 *Del. C.* § 4334(c) (Supp. 2016). *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

[5] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (finding that the appellant had the burden of providing the transcript necessary for the appeal).

[6] *Id. Smith v. State*, 2015 WL 3885960 (Del. June 22, 2015); *Nelson v. State*, 2014 WL 1365822 (Del. Apr. 4, 2014).

3