## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM S. DAHL, | § | |
| | § | No. 403, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9905002754 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 13, 2017
Decided: March 15, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

### O R D E R

This 15th day of March 2017, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellant, William S. Dahl, filed this appeal from the Superior Court's order of July 7, 2016, denying his "motion for credit for time served," which the Superior Court treated as a motion for correction or reduction of sentence under Superior Court Criminal Rule 35. We find no merit to Dahl's appeal. Accordingly, we affirm the Superior Court's judgment.

(2)    The record reflects that Dahl pled guilty in 1999 to ten counts of Dealing in Child Pornography in Cr. A. Nos. IN-05-0880 through 0889.  This Order refers to Dahl's convictions on those counts by individual count number.

(3)    Dahl was sentenced on the ten convictions on March 24, 2000.  He was sentenced as follows: **Count 0880**—two years at Level V; **Count 0881**—one year at Level V; **Count 0882**—one year at Level V suspended for one year at Level III; **Count 0883**—one year at Level V suspended for one year at Level III; **Count 0884**—one year at Level V suspended for one year at Level III; **Count 0885**—one year at Level V suspended for one year at Level III; **Count 0886**—one year at Level V suspended for one year at Level III; **Count 0887**—one year at Level V suspended for one year at Level III; **Count 0888**—one year at Level V suspended for one year at Level III; **Count 0889**—one year at Level V suspended for one year at Level III.

(4)    On April 19, 2011, Dahl was found guilty of his fourth violation of probation ("VOP").  He was sentenced as follows:  **Count 0883**—nine months at Level V; **Count 0884**—nine months at Level V; **Count 0885**—nine months at Level V suspended for nine months at Level IV followed by one year at Level III; **Count 0886**—nine months at Level V suspended for one year at Level III; **Count 0887**—nine months at Level V suspended for one year at Level III; **Count 0888**—

2

nine months at Level V suspended for one year at Level III; **Count 0889**—nine months at Level V suspended for one year at Level III.

(5)     In November 2013, while on Level III, Dahl was arrested in Philadelphia on new charges.  Dahl was returned to Delaware on November 21, 2013 and incarcerated on his fifth charge of VOP.  Dahl remained incarcerated on the charged VOP until August 3, 2014, when he was extradited to the Federal Detention Center in Philadelphia.  Dahl remained incarcerated in Philadelphia until May 27, 2015, when he was returned to Delaware to face the VOP charge.

(6)     Dahl was found guilty of his fifth VOP on September 15, 2015.  He was sentenced as follows:  **Count 0885**—nine months at Level V with credit for nine months previously served; **Count 0886**—nine months at Level V with credit for three months and two days previously served; **Count 0887**—nine months at Level V; **Count 0888**—nine months at Level V; **Count 0889**—nine months at Level V.

(7)     On June 15, 2016, Dahl filed a "motion for credit for time served" claiming that the Superior Court did not credit him for the full amount of time he spent incarcerated while waiting to proceed on the fifth charge of VOP.  Dahl is correct that if a defendant is found guilty of a VOP, the sentence imposed must account for any time the defendant spent incarcerated on the underlying charge of

3

VOP.[1]  By order dated July 7, 2016, the Superior Court denied Dahl's motion on the basis that the sentence imposed on September 15, 2015, properly credited him for all of the time he was incarcerated while waiting to proceed on the VOP.  This appeal followed.

(8)     On appeal, Dahl continues to claim that he has not received all of the credit owed to him.  Specifically, Dahl contends that the Superior Court erred when applying nine months of his accrued credit to **Count 0885**.  Dahl states that he completed the sentence in **Count 0885** in February 2013 when he was released from Level IV to Level III.  Dahl contends that the court should have applied the nine months of accrued credit to one of the other Counts in the September 15, 2015 sentence.

(9)     Having carefully considered the parties' positions on appeal, we conclude that Dahl's claim is without merit.  When imposing the sentence on April 19, 2011 on Dahl's fourth VOP, the Superior Court sentenced Dahl on **Count 0885** to nine months at Level V suspended for nine months at Level IV.  Dahl states that he served those nine months in Level IV work release at the Plummer Center.  Level IV work release is not considered Level V incarceration.[2]

[1] *Rittenhouse v. State*, 2014 WL 5690489, at *2 (Del. Nov. 3, 2014) (citing 11 *Del. C.* § 3901(c)).
[2] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999). *See Johnson v. State*, 1997 WL 70827 (Del. Feb. 12, 1997) (providing that "time spent at Level IV [work release] does not constitute 'actual incarceration'").  *But cf. Anderson v. State*, 2006 WL 393140, at *1 (Del. Dec. 5, 2006)

(10)   Upon finding Dahl guilty of his fifth VOP on September 15, 2015, the Superior Court was authorized to reimpose the periods of incarceration that had been suspended in the prior sentence imposed on April 19, 2011 on Dahl's fourth VOP, including the Level V incarceration that was imposed and suspended on **Count 0885**.[3] Dahl was not entitled to have the nine months he served in Level IV work release credited to the Level V incarceration imposed and suspended on **Count 0885**.[4] Therefore, when applying Dahl's accrued credit to the September 15, 2015 sentence, the Superior Court properly applied the credit to **Count 0885**.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

(providing that a defendant is entitled to Level V credit for time served at a Level IV VOP Center).

[3] 11 *Del. C.* § 4334(c) (Supp. 2017).

[4] *Gamble v. State*, 728 A.2d at 1172.

5