IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES B. ELEY, | § | |
| | § | No. 218, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0908008289 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 13, 2017
Decided: December 21, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# O R D E R

This 21st day of December 2017, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) The appellant, James B. Eley, filed this appeal from the sentence imposed on his second violation of probation ("VOP"). We find no merit to the appeal and affirm the Superior Court's judgment.

(2) On November 17, 2009, Eley pleaded guilty to criminal offenses and was sentenced to a total of thirteen years of Level V incarceration suspended after five years for six months of Level IV Home Confinement followed by five years of concurrent Level III probation. Eley was adjudged guilty of VOP in January 2016

and was sentenced, on February 18, 2016, to a total of four years and ten months of Level V incarceration suspended after two years and ten months for six months of Level IV Home Confinement and two years of concurrent Level III probation.

(3) Following his April 27, 2017 guilty plea to a new offense, Eley was found guilty of VOP and sentenced.[1] For the new offense, Eley was declared a habitual offender and sentenced to two years of Level V incarceration. For the VOP, Eley was sentenced to a total of four years and ten months of Level V incarceration suspended for 120 days of Level IV Work Release and one year of Level III probation. This appeal followed.

(4) On appeal from the sentence imposed on his second VOP, Eley asserts that he has twice served the six months of Level IV Home Confinement that was originally imposed in 2009 and re-imposed in 2016 on his first VOP. Eley argues that he should not have to serve any more time at Level IV and that, to the extent the April 27, 2017 sentence imposed 120 days of Level IV Work Release on his second VOP, the sentence is illegal. His claim is without merit.

(5) Once a VOP is established, the Superior Court is authorized to impose up to the balance of Level V incarceration remaining on the original sentence, or any lesser sentence, as long as the defendant is given credit for all Level V time previously served and the sentence does not exceed the Level V term that a prior

---

[1] *State v. Eley*, Del. Super., Cr. ID No. 1704008122.

2

sentence left suspended.[2]  Only time spent at Level V or a Level IV VOP Center is creditable against a VOP sentence.[3]  In Eley's case, the VOP sentence imposed on April 27, 2017, including the 120 days of Level IV Work Release, did not exceed the maximum sentence allowed by law.  Eley was not entitled to credit for any time he served at Level IV Home Confinement.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] 11 *Del. C.* § 4334(c) (Supp. 2017); *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).
[3] *Gamble v. State*, 728 A.2d at 1172.