IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL J. LAWLEY, | § | |
| | § | |
| Defendant Below, | § | No. 318, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1703001472 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 19, 2018
Decided: August 28, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1) The appellant, Michael J. Lawley, filed this appeal from the Superior Court's May 25, 2018 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Lawley's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on March 20, 2017, Lawley pled guilty to his fourth Driving Under the Influence offense. The Superior Court sentenced Lawley to five years of Level V imprisonment, suspended after six months for one year of

Level II probation.  The sentence also required Lawley to complete a drug and alcohol abstinence program and a drug and alcohol treatment program.

(3)     On October 19, 2017, an administrative warrant was filed for Lawley's VOP.  After a VOP hearing on November 3, 2017, the Superior Court found that Lawley had violated his probation and sentenced him to four years and six months of Level V incarceration, suspended after thirty days for one year of Level III probation.  The sentence included a zero tolerance condition for drugs and alcohol.

(4)     On December 1, 2017, another administrative warrant was filed for Lawley's VOP.  After a VOP hearing on December 11, 2017, the Superior Court found that Lawley had violated his probation and sentenced him to four years and five months of Level V incarceration, suspended for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest Aftercare.  Upon Lawley's motion for sentence modification, the Superior Court modified the sentence to four years and five months of Level V incarceration, suspended for 90 days of Level IV Crest, to be suspended upon successful completion for 90 days of Level IV Work Release, to be suspended upon successful completion for one year of Level III Crest Aftercare.  Level III Crest Aftercare was subsequently modified to Level III probation.

(5)     On May 9, 2018, another administrative warrant was filed for Lawley's VOP.  The VOP report alleged that Lawley had violated the terms of his probation

2

by failing to provide a urine screen as directed and testing positive for various illegal drugs after admitting himself into Dover Behavioral Health. After a VOP hearing on May 25, 2018, the Superior Court found that Lawley had violated his probation. The Superior Court sentenced Lawley to four years and five months of Level V incarceration. This appeal followed.

(6)    In his opening brief, Lawley argues that: (i) his constitutional right to privacy and his HIPAA rights were violated by Dover Behavioral Health providing his drug test results to Probation and Parole without his consent; (ii) a court cell block officer who had a verbal disagreement with Lawley before the VOP hearing should not have been allowed to recommend a greater Level V sentence for Lawley; and (iii) Probation and Parole should have conducted their own urine screen to prove there was no tampering with Dover Behavioral Health's urine screen. As the appealing party, Lawley has the burden of producing "such portions of the…transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "all evidence relevant to the challenged finding or conclusion."[1] Lawley failed to designate the transcript of the

---

[1] Supr. Ct. R. 14(e).

May 25, 2018 VOP hearing. We cannot review Lawley's claims in the absence of a transcript of VOP hearing.[2]

(7)    Lawley also argues that his VOP sentence is illegal because there were only three years and seven months left on his original sentence. This claim appears to be based on Lawley's mistaken belief that his original Level V sentence was for four years and five months (he was originally sentenced to five years of Level V incarceration, suspended after six months for probation) and that he was entitled to Level V credit for his time at Level IV Crest and Work Release.[3] Once Lawley committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Lawley' sentence.[4] The Level V sentence imposed by the Superior Court after Lawley's VOP did not exceed the Level V time previously suspended and was within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *See, e.g., Martin v. State*, 2016 WL 552686, at *2 (Del. Feb. 10, 2016) (holding that failure to provide transcript of VOP hearing precluded review of claims of error on appeal). We note that Lawley does not dispute that he failed to provide a urine screen as directed by his probation officer.
[3] *See, e.g., Eley v. State*, 2017 WL 6546971, at *1 (Del. Dec. 21, 2017) ("[o]nly time spent at Level V or Level IV VOP Center" is credited against a Level V sentence) (citing *Gamble v. State*, 728 A.2d 1171, 1772 (Del. 1999)).
[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).