IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON J. COLLINS, | § | |
| | § | No. 17, 2019 |
| Defendant Below-Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1708012957 (K) |
| Plaintiff Below-Appellee. | § | 1708015150 |
| | § | |

Submitted: February 27, 2019
Decided: March 15, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

# O R D E R

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The defendant-appellant, Jason Collins, filed this appeal from the Superior Court's order denying his motion for review of sentence.[1] The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Collins' opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that Collins pleaded guilty on July 25, 2018, to one count of drug dealing and one count of issuing a bad check in excess

---

[1] On March 8, 2019, Collins filed a motion for expedited procedure under Supreme Court Rule 25(e). The issuance of this decision renders the Rule 25(e) motion moot.

of $1,500. On the drug dealing charge, the Superior Court sentenced Collins to ten years of Level V incarceration, suspended for twelve months of Level IV home confinement, followed by one year on Level III probation. On the bad check charge, the Superior Court sentenced him to two years of Level V incarceration, suspended for one year on Level III probation.

(3) Collins later absconded from probation. An administrative warrant was obtained and the Superior Court held a violation of probation ("VOP") hearing on October 15, 2018. The Superior Court found Collins violated his probation for his drug dealing and bad check convictions. Contemporaneously, the Superior Court also found Collins had violated his probation for two earlier felony convictions: a 2009 conviction for second degree forgery and a 2014 conviction for identity theft. For his 2009 second degree forgery conviction, Collins was serving a sentence of two years of Level V incarceration, suspended for six months on Level II probation, to be followed by one year on Level I probation for restitution purposes only. Collins was also serving a sentence of two years of Level V of incarceration, suspended for six months on Level II probation, to be followed by one year on Level I probation for restitution purposes only for his 2014 identity theft conviction. At the VOP hearing, the Superior Court resentenced Collins as follows: (i) on the VOP for the drug dealing conviction, ten years of Level V incarceration with credit for nine days previously served, suspended after six

2

months of Level V incarceration, followed by six months of Level IV work release, followed by one year on Level III probation; (ii) on the VOP for the forgery conviction, one year of Level V incarceration, suspended for one year on Level III probation; (iii) on the VOP for the identity theft conviction, one year and six months of Level V incarceration, suspended for one year on Level III probation; and (iv) for the VOP on the bad check conviction, two years of Level V incarceration, suspended for one year on Level III probation.

(4) Collins filed a motion for review of sentence with the Superior Court on December 7, 2018, seeking six months of Level V credit time and requesting that the Level IV work release portion of his sentence be modified to Level III probation. The Superior Court denied Collins' motion, concluding that Level IV work release was an appropriate placement for Collins in light of his criminal history. Further, after reviewing a report prepared by the Investigative Services Office, the Superior Court found Collins had, in fact, received credit for the time he had previously served at Level V. This appeal followed.

(5) The Court has reviewed the parties' contentions and the record carefully. The Court finds no factual or legal basis to Collins' contentions. Collins correctly asserts that he is entitled to Level V credit for Level V time

3

served.[2]  However, Collins argues the Superior Court improperly credited his Level V time to a "non Level V sentence."  This allegation is false.  At the time of the October 15, 2018 VOP hearing, Collins was serving a sentence for two years of Level V incarceration, suspended for six months on Level IV probation, to be followed by one year on Level I probation for restitution purposes for his 2014 conviction for identity theft. In its VOP sentence, the Superior Court deducted six months of Level V time from the two years of backup time Collins faced on this conviction.  Collins continues to face a suspended Level V sentence for one year and six months for his conviction of identity theft.  Stated differently, the six months of pretrial Level V time Collins served prior to posting bond on his drug dealing charge has been credited to the balance of Level V time Collins faces.  Accordingly, we find no error in the Superior Court's denial of Collins' motion to review his sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[2]  *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

4