IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL K. WASHINGTON, § 
§ 
    Defendant Below, § No. 559, 2015
    Appellant, § 
§ 
    v. § Court Below:  Superior Court
§ of the State of Delaware
STATE OF DELAWARE, § 
§ Cr. ID No. 1211022048
    Plaintiff Below, § 
    Appellee. § 

Submitted:  December 1, 2015
Decided:    January 5, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 5th day of January, 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Michael K. Washington, filed this appeal from the Superior Court's sentencing order for his sixth violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Washington's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that, on June 7, 2013, Washington pled guilty to Possession of a Firearm by a Person Prohibited.  Washington was sentenced,

effective June 7, 2013, with credit for twenty-nine days, to five years of Level V incarceration, suspended for three months of Level IV Home Confinement, followed by one year of Level III probation. Washington did not appeal the Superior Court's judgment.

(3) On July 19, 2013, the Superior Court found that Washington had committed his first VOP. Effective July 19, 2013, Washington was sentenced to four years and ten months of Level V incarceration, suspended for thirty days at the Level IV VOP Center, followed by one year of Level III probation. Washington did not appeal the Superior Court's judgment.

(4) On February 20, 2014, the Superior Court found that Washington had committed his second VOP. Effective February 20, 2014, Washington was sentenced to four years and ten months of Level V incarceration, suspended for one year of Level IV Home Confinement, followed by one year of Level III probation. Washington did not appeal the Superior Court's judgment.

(5) On August 19, 2014, the Superior Court found that Washington had committed his third VOP. Effective August 19, 2014, Washington was sentenced to four years of Level V incarceration, suspended for ninety days at the Level IV VOP Center, followed by one year of Level III probation. Washington did not appeal the Superior Court's judgment.

(6) On September 25, 2014, the Superior Court found that Washington had committed his fourth VOP. Effective September 25, 2014, Washington was

2

sentenced to three years and six months of Level V incarceration, suspended after six months for one year of Level III probation. Washington did not appeal the Superior Court's judgment.

(7) On June 19, 2015, the Superior Court found that Washington had committed his fifth VOP. Effective June 19, 2015, Washington was sentenced to two years and eleven months of Level V incarceration, suspended for six months at the Level IV VOP Center. Washington filed an appeal, but the appeal was dismissed after Washington failed to file an opening brief.[1]

(8) On September 17, 2015, the Superior Court found that Washington had committed his sixth VOP. Effective September 17, 2015, Washington was sentenced to nine months of Level V incarceration with no probation to follow. This appeal followed. In his opening brief, Washington claims that the Superior Court failed to give him credit for 101 days he served between June 8, 2015 and September 17, 2015. This argument is without merit.

(9) Our appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[2] In sentencing a defendant for a VOP, the Superior Court can impose any period of incarceration up to and including the balance of the Level V

---

[1] *Washington v. State*, 2015 WL 6164070 (Del. Oct. 16, 2015).
[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

3

time remaining to be served on the original sentence or any lesser sentence.[3]  A defendant is entitled to Level V credit for time previously served on an underlying charge at Level V or a Level IV VOP Center.[4]

(10)  At the time of his sixth VOP in September 2015, Washington was serving a June 19, 2015 sentence of two years and eleven months of Level V incarceration, suspended for six months at the Level IV VOP Center.  The Superior Court's September 17, 2015 sentencing order reduced Washington's Level V time to nine months and stated that the sentence took into consideration all time previously served.  The reduction in Level V time more than accounted for any time Washington served between June 8, 2015 and September 17, 2015.  Accordingly, the Superior Court did not err in sentencing Washington to nine months of Level V incarceration for his sixth VOP.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[4] *Anderson v. State*, 2006 WL 3931460, at *1 (Del. Dec. 5, 2006); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

4